David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
Telephone:      (602) 265-3332
Facsimile:      (602) 230-4482

Attorneys for the Plaintiff
Anthony Mucciolo

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Mucciolo<br><br>Plaintiff,<br>v.<br>Pinnacle Credit Services, LLC, and Verizon Wireless (VAW) LLC<br><br>Defendant. | **Case Number: _____**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote

2    consistent State action to protect consumers against debt collection abuses.

3    2.    The United States Congress has also found the banking system is dependent

4          upon fair and accurate credit reporting.   Inaccurate credit reports directly

5          impair the efficiency of the banking system, and unfair credit reporting

6          methods undermine the public confidence which is essential to the continued

7          functioning of the banking system.    Congress enacted the Fair Credit

8          Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate

9          reporting, promote efficiency in the banking system, and protect consumer

10         privacy.   The FCRA seeks that consumer reporting agencies exercise their

11         grave responsibilities with fairness, impartiality, and a respect for the

12         consumer's right to privacy because consumer reporting agencies have

13         assumed such a vital role in assembling and evaluating consumer credit and

14         other information on consumers.   The FCRA also imposes duties on the

15         sources that provide credit information to credit reporting agencies, called

16         "furnishers."

17   3.    Anthony Mucciolo ("Plaintiff") through Plaintiff's attorneys, brings this

18         action to challenge the actions of Pinnacle Credit Services, LLC, and Verizon

19         Wireless (VAW) LLC ("Defendants"), with regard to erroneous reports of

20         derogatory and negative credit information made by Defendants to national

21         reporting agencies, and for failure of Defendants to properly investigate,  as

22         well as Defendant Pinnacle's unlawful and abusive attempts to collect an

23         alleged debt, and this conduct caused Plaintiff damages.

24   4.    Plaintiffs make these allegations on information and belief, with the exception

25         of those allegations that pertain to a plaintiff, or to a plaintiffs' counsel, which

26         Plaintiffs allege on personal knowledge.

27

28

5.   Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and/or negligent, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

7.   This action arises out of Defendant's violation of the the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

8.   Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9.   Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10.   Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11.   Defendant Pinnacle Credit Services LLC ("Pinnacle") is located in the City of Saint Louis Park, in the State of Minnesota.

12.   Defendant Verizon Wireless (VAW) LLC ("Verizon") is located in the City of San Francisco, in the State of California.

13.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14.   Plaintiffs are informed and believe, and thereon allege that both Defendants are a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15.   Defendant Pinnacle is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or

1    indirectly, debts owed or due or asserted to be owed or due another and is

2    therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

3                                    **FACTUAL ALLEGATIONS**

4    16.  At all times relevant to this matter, Plaintiff was an individual residing within

5         the State of Arizona.

6    17.  At all times relevant, Defendant conducted business within the State of

7         Arizona.

8    18.  Plaintiffs are informed and believe, and thereon allege, that Plaintiff's

9         creditworthiness has been repeatedly compromised by the acts and omissions

10        of the Defendant.

11   19.  At some point Plaintiff believes he was a victim of identity theft and/or

12        Defendant is confusing Plaintiff with someone of a similar name, possibly

13        TONY Mucciolo. Defendant is attempting to collect a debt Plaintiff has never

14        incurred,  has no knowledge of, was not authorized, and does not owe.

15   20.  These financial obligations were primarily for personal, family or household

16        purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

17        §1692a(5).

18   21.  Plaintiff subsequently learned that both Defendants had reported the alleged

19        debt on his credit report, thereby causing erroneous and negative credit

20        information in Plaintiff's credit files.

21   22.  Specifically, Defendant had reported the alleged debt to all three credit

22        reporting agencies ("CRAs") the alleged account that Plaintiff never had.

23   23.  On several occasions Plaintiff has disputed the account pursuant to 15 U.S.C.

24        § 1681i(a)(2) by notifying all three credit report agencies, in writing,

25        informing them of the incorrect entries including the fact that this was never

26        Plaintiff's account.

27   24.  Plaintiff has also sent several disputes directly to Defendants in an attempt to

28        correct his credit reports.

25. Subsequently, on or about October 27, 2011, Plaintiff received notification from CRA Transunion that both Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report.

26. Subsequently, on or about March 27, 2012, Plaintiff received notification from CRA Experian that Defendant Pinnacle received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report.

27. Plaintiff believes that Defendants, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

28. Plaintiff further believes that Defendants failed to review all relevant information provided by Plaintiff's in their dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

29. Due to Defendants' failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendants to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

30. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendants and the pertinent CRAs was fruitless.

31. Defendants' continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

32. Defendants' inaccurate and negative reporting damaged Plaintiffs's creditworthiness.

33. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

34. By Defendant collecting a debt never incurred by Plaintiff, Defendant Pinnacle was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

35. Defendant Pinnacle's statement to the CRAs regarding and verifying the alleged debt were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

36. Defendant Pinnacle is engaged in the business of attempting to collect debts in the State of Arizona.

37. Defendant Pinnacle does not hold a current or even an expired license to act as a debt collection agency in the State of Arizona as required by A.R.S. 32-1021.

38. Defendant Pinnacle has and continues to act as a debt collection agency in Arizona.

39. Defendant Pinnacle willfully and knowingly acted as a debt collection agency in Arizona without a license. Defendant Pinnacle and all persons are presumed to know the law.

40. Through this conduct, Defendant Pinnacle used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant Pinnacle violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

41. Through this conduct, Defendant Pinnacle threatened to take action that cannot legally be taken or that is not intended to be taken.   Consequently, Defendant Pinnacle violated 15 U.S.C. § 1692e(5).

42. Through this conduct, Defendant Pinnacle used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Defendant Pinnacle violated 15 U.S.C. § 1692f.

43. Due to Defendants' action and inaction, Plaintiff has been denied credit with Plaintiff's current creditors. Defendant has hampered Plaintiff's ability to obtain a VA Home Mortgage and unreasonably jeopardized Plaintiff's SECRET Security Clearance with the U.S. Government. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of employment, economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, degraded social standing, increased insurance premium, invasion of privacy and emotional distress.

## CAUSES OF ACTION

## COUNT I

## AS TO BOTH DEFENDANTS

## FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681 ET SEQ.

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

46. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1    1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C.

2    § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C.

3    § 1681n(a)(3) from Defendant.

4    47.    As a result of each and every negligent noncompliance of the FCRA, Plaintiff

5    is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

6    1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

7    1681o(a)(2) from Defendant.

8                                          **COUNT II**

9                              **AS TO DEFENDANT PINNACLE**

10        **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

11                           **15 U.S.C. §§ 1692 ET SEQ.**

12   48.    Plaintiff incorporates by reference all of the above paragraphs of this

13    Complaint as though fully stated herein.

14   49.    The foregoing acts and omissions constitute numerous and multiple violations

15    of the FDCPA, including but not limited to each and every one of the above-

16    cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

17   50.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to

18    any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

19    an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

20    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

21    Defendant.

22                                   **PRAYER FOR RELIEF**

23   WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

24   Plaintiff be awarded damages from Defendant, as follows:

25                                          **COUNT I**

26                              **AS TO BOTH DEFENDANTS**

27                           **FAIR CREDIT REPORTING ACT**

28                           **15 U.S.C. §§ 1681 ET SEQ.**

51. An award of actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1);

52. An award of actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1);

53. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

54. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

### COUNT II

### AS TO DEFENDANT PINNACLE

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

55. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

56. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

57. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Date: April 30, 2012                     **Hyde & Swigart**

                                          By: /s/ David J. McGlothlin
                                          Attorneys for Plaintiff